| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on August 19, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Richard Kuhn<br>Lorraine M. Kuhn<br><br>Debtor(s) | Case No.: 17-31259 / MBK<br><br>Hearing Date:  08/18/2020<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: August 19, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 07/02/2020, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 40 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$12,764.28 PAID TO DATE

$421.00 for 6 months beginning 09/01/2020

**ORDERED** that the case is confirmed with a calculated plan funding of $15,290.28. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that the debtor shall make Chapter 13 plan payments via third-party online payment provider Nationwide TFS (www.tfsbillpay.com) or the attorney for the debtor shall prepare and serve a Wage Order upon the debtor's employer.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

United States Bankruptcy Court
District of New Jersey

In re:  
Richard Kuhn  
Lorraine M. Kuhn  
       Debtors

Case No. 17-31259-MBK  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: Aug 20, 2020  
                           Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2020.  
db/jdb         Richard Kuhn,    Lorraine M. Kuhn,    738 Croy Rd,    Brick, NJ   08724-1102

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                               TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2020                                                Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2020 at the address(es) listed below:

        Albert   Russo    docs@russotrustee.com  
        Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com  
        Brian C. Nicholas    on behalf of Loss Mitigation    Specialized Loan Servicing, LLC  
         bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com  
        Denise E. Carlon    on behalf of Creditor   The Bank of New York Mellon FKA The Bank of New York,  
         as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates,   Series  
         2007-4 dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com  
        Gavin   Stewart    on behalf of Creditor    Specialized Loan Servicing, LLC, as servicer for The  
         Bank of New York Mellon bk@stewartlegalgroup.com  
        Marc C Capone    on behalf of Joint Debtor Lorraine M. Kuhn ecf@gbclawgroup.com,  
         mcapone@ecf.courtdrive.com;e4eaf5f23@maildrop.clio.com;mcapone@ecf.courtdrive.com;mcapone@gbclawg  
         roup.com;jgillman@ecf.courtdrive.com  
        Marc C Capone    on behalf of Debtor Richard   Kuhn ecf@gbclawgroup.com,  
         mcapone@ecf.courtdrive.com;e4eaf5f23@maildrop.clio.com;mcapone@ecf.courtdrive.com;mcapone@gbclawg  
         roup.com;jgillman@ecf.courtdrive.com  
        Rebecca Ann Solarz    on behalf of Creditor   The Bank of New York Mellon FKA The Bank of New York,  
         as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates,   Series  
         2007-4 rsolarz@kmllawgroup.com  
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
                                                                                                    TOTAL: 9